Filed 10/27/14  P. v. Munoz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL MOSES MUNOZ,<br><br>    Defendant and Appellant. | B254936<br><br>(Los Angeles County<br>Super. Ct. No. BA412320) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton and Monica Bachner, Judges.  Affirmed.

Angel Moses Munoz, in pro. per.; Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Angel Moses Munoz was charged in an information with one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) with a special allegation he had previously served a separate prison term for a felony (Pen. Code, § 667.5, subd. (b)). Munoz pleaded not guilty and denied the special allegation.

The trial court granted Munoz's motion for discovery of police personnel records (Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*)), reviewed the records in an in camera hearing and found discoverable information, which was provided to Munoz.

According to the evidence at trial, Los Angeles Police officers arrived at a residence in response to a report of a man with a gun on the evening of June 10, 2013. Through the living room window, the officers saw Munoz place a rifle on the floor, before sitting beside his mother on the couch. After his mother admitted the officers into the residence, they recovered the rifle and a nearby loaded ammunition magazine. Following a search of the residence, the officers arrested Munoz. Munoz testified in his own defense, denied owning or handling any type of firearm on the evening of June 10, 2013, and admitted having previously been convicted of aggravated assault, a felony.

A jury convicted Munoz as charged. In a bifurcated proceeding, Munoz admitted the prior prison term allegation. The trial court sentenced Munoz to an aggregate state prison term of three years: the two-year middle term for possession of a firearm by a felon, plus one year for the prior prison term enhancement. The court awarded Munoz 120 days of presentence custody credit and imposed statutory fines, fees and assessments.

We appointed counsel to represent Munoz on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On July 17, 2014, we advised Munoz he had 30 days within which to personally submit any contentions or issues he wished us to consider. On July 25, 2014, we received a three-page handprinted response in which Munoz claimed he was innocent and the police officers had lied at trial.

We have examined the entire record and are satisfied Munoz's appellate counsel has complied fully with her responsibilities and no arguable issues exist. (*Smith v.*

2

*Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

In effect, Munoz is arguing the evidence was insufficient to support the verdict because, as he testified at trial, he never had control or knowledge of a firearm on June 10, 2013. However, the testimony of the responding officers to the contrary constituted substantial evidence to support the jury's finding that Munoz was in possession of the rifle. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Determining witness credibility is the exclusive province of the trier of fact. (*People v. Maury* (2003) 30 Cal.4th 342, 403.) Nothing in the record indicates the officers' testimony was inherently improbable or physically impossible. (See *People v. Elwood* (1988) 199 Cal.App.3d 1365, 1372.)

With respect to the *Pitchess* motion, pursuant to *People v. Mooc* (2001) 26 Cal.4th 1216, appellate counsel specifically requested that we examine the transcript of the in camera hearing conducted by the trial court and the documents it reviewed after the court determined Munoz had demonstrated good cause to discover information in the personnel and administrative records of two police officers pertaining to allegations of dishonesty. We have reviewed the sealed record of the proceedings, which adequately describes the documents the court reviewed, and conclude the trial court satisfied minimum requirements in determining whether there was discoverable information. No abuse of discretion occurred. (*Id.* at p. 1229.)

## DISPOSITION

The judgment is affirmed.


**WOODS, J.**

**We concur:**


**PERLUSS, P. J.**                                          **ZELON, J.**

3